# UNITED STATES DISTRICT COURT for the Middle District of Florida
## Fort Myers Division

| | |
|---|---|
| **ISAIAH TUCKER,** | ) |
| | ) |
| **Plaintiff,** | )  Case No._____ |
| | ) |
| -v- | ) |
| | ) |
| **UNITED STATES** | )  **Jury Trial: No** |
| **OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, ISAIAH TUCKER, by and through his undersigned counsel, and sues the Defendant, UNITED STATES OF AMERICA, for the actions of the United States Postal Service, and alleges:

### *PARTIES, JURISDICTION AND VENUE*

1. This is an action for negligence with damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. Plaintiff, ISAIAH TUCKER, is a resident of Sarasota County, Florida, and thus a resident within the Middle District of Florida.

3. The United States Postal Service is an agent of the UNITED STATES OF AMERICA.

4. The claims here are brought against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et. seq.) and 28 U.S.C.

§1346(b)(1) for money damages as compensation for personal injuries that were caused by the negligence of an employee of the United States Government while acting within the course and scope of his official duties.

5. This Federal District Court has jurisdiction pursuant to 28 U.S.C. §1346(b)(1) in that it involves a claim for personal injury caused by the negligent or wrongful act or omission of an agent, servant and/or employee of the United States of America while acting within the course and scope of his/her employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff under its laws of the State of Florida where the act of omission occurred. [28 U.S.C. §1346(b)(1)].

6. Venue is proper as all acts and omissions forming the basis of these claims occurred in the Middle District of Florida and arose from the negligence of an employee of the United States Government, and more fully described below.

7. This lawsuit has been timely filed and all conditions precedent and prerequisites to filing suit have been met pursuant to 28 U.S.C. §2675. A copy of the Claim for Damage, Injury or Death (Form SF 95) is attached as Exhibit "A" to this Complaint. The claim was denied in writing on February 16, 2022. A copy of the denial is attached as Exhibit "B" to this complaint.

8. At all times material, Plaintiff, ISAIAH TUCKER, would be entitled to pursue these claims under the laws of the State of Florida.

## *GENERAL FACTS*

9. At all times material, Dwayne L. Robb, delivered mail to residents of Lee County Florida and was an agent, servant and/or employee of the Defendant, UNITED STATES OF AMERICA, through its agency, the United States Postal Service. Dwayne Robb was at all times acting within the course and scope of such employment.

10. On April 3, 2020, the mail carrier, Dwayne L. Robb, was traveling north and stopped at a Stop Sign on De Navarra Parkway at or near the intersection of Merida Lane in Lee County, Florida.

11. Plaintiff, ISAIAH TUCKER, was traveling east on De Navarra Parkway approaching the intersection where Dwayne L. Robb's vehicle was stopped at the Stop Sign near the intersection of Merida Lane.

12. As Plaintiff was traveling east on De Navarra Parkway, Dwayne L. Robb, failed to yield while making a left-hand turn on De Navarra Parkway, and collided with the driver side door of the vehicle operated by Plaintiff, ISAIAH TUCKER, causing the Plaintiff, ISAIAH TUCKER, to suffer significant injuries to his left knee, requiring surgery, left elbow, shoulder and neck, and hospitalization post-surgery due to complications.

## *COUNT I – NEGLIGENCE*

13. Plaintiff, ISAIAH TUCKER, hereby adopts and incorporates by reference the allegations contained in paragraphs 1 through 12 above.

14. On or about April 3, 2020, Defendant, UNITED STATES OF AMERICA, owned a U.S.P.S. motor vehicle that was operated with consent by its agent, servant and/or employee while in the course and scope of his official duties at or near the intersection of De Navarra Parkway and Merida Lane in Lee County, Florida.

15. Defendant, UNITED STATES OF AMERICA, through its through its agent, servant and/or employee, Dwayne L. Robb, owed a duty to the public and specifically to the Plaintiff, ISAIAH TUCKER, to operate said motor vehicle in a reasonable, safe and non-negligent manner.

16. Notwithstanding at that time and place, Defendant's agent, servant and/or employee, breached said duty of care and negligently operated or maintained the U.S.P.S. motor vehicle in one or more of the following ways:

    a. Failed to maintain a proper look-out;

    b. Failed to timely and properly apply the vehicle's brakes;

    c. Drove carelessly and/or recklessly;

    d. Failed to avoid colliding into and striking the Plaintiff's motor vehicle;

    e. Failed to yield the right-of-way;

    f. Failed to obey a traffic signal or sign; and/or

    g. Otherwise, was distracted and/or not using reasonable care in operating the vehicle.

17. As a direct and proximate cause of the aforementioned act(s) of negligence of Defendant, UNITED STATES OF AMERICA, the Plaintiff, ISAIAH TUCKER,

has sustained the following damages, any, some or all of which are permanent and/or continuing in nature:

a. Bodily injury;

b. Pain and suffering;

c. Disability;

d. Physical impairment;

e. Disfigurement and scarring;

f. Mental anguish;

g. Inconvenience;

h. Loss of capacity for the enjoyment of life;

i. Aggravation of a pre-existing condition;

j. Activation of a latent condition;

k. Medical bills and expenses;

l. Loss of earnings; and

m. Loss of earning capacity.

**WHEREFORE**, Plaintiff ISAIAH TUCKER demands judgment against Defendant, UNITED STATES OF AMERICA, for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and any other such relief as this Court deems just and proper.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11 by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not

being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing case la; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: April 4, 2022

*/s/ Isabel D. Barroso, Esq.*

ISABEL DIAZ BARROSO, ESQ.
FBN: 0083366
Morgan & Morgan
12800 University Drive, Suite 600
Fort Myers, FL 33907
Phone: (239) 433-6880
Attorneys for Plaintiff
E-Mail: idiazbarroso@forthepeople.com